Robert T. Stewart (#17843)
   Email: rtstewart@foley.com
Tyler A. Dever (#15584)
   Email: tdever@foley.com
Adam R. Aquino (#18301)
   Email: aaquino@foley.com
Charles D. Morris (#18058)
   Email: charlie.morris@foley.com
FOLEY & LARDNER LLP
95 S. State Street, Suite 2500
Salt Lake City, UT 84111
Telephone: 801.401.8900

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT FOR

# THE DISTRICT OF UTAH

| | |
|---|---|
| WIRELESS ADVANCED VEHICLE ELECTRIFICATION, LLC, a Delaware Limited Liability Company,<br><br>        Plaintiff,<br><br>   v.<br><br>WITRICITY CORPORATION, a Delaware corporation; JOE BENZ, an individual; JUSTIN SCALZI, an individual; STEVEN BALL, an individual; ROBERT EISERT, an individual; PRADEEP GADDAM, an individual; GARRETT HARMSEN, an individual; JORY PEPPELAAR, an individual; WYLEE STAPLES, an individual; GAYLA STEWART, an individual; ADEEL ZAHEER, an individual; RUBEN GOMEZ, an individual; GLEN AGUILAR, an individual; JEFFREY HARDING, an individual; JUSTIN NORDLUND, an individual; and MELANIE ESPINOSA, an individual.<br><br>        Defendants. | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO RECONSIDER BOND AMOUNT AND MOTION FOR ADEQUATE BOND OF $1,617,779.59**<br><br>Civil No. 2:24-cv-00577-RJS-CMR<br><br>The Honorable Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

Plaintiff Wireless Advanced Vehicle Electrification, LLC ("WAVE") opposes Defendants' Motion for Reconsideration of Bond Amount (the "Motion") (ECF No. 66), wherein Defendants ask the Court to reconsider its earlier decision and increase WAVE's previously tendered bond of $10,000 to $1,617,779.59.

## I.    INTRODUCTION

WiTricity has not been enjoined. Yet, in their Motion, Defendants argue that WAVE should be ordered to post a larger bond to protect WiTricity by paying its payroll for one year. However, only an enjoined party can seek a bond under Rule 65(c), which WiTricity is not. In contrast, WiTricity provides no argument as to why a greater bond is necessary to protect the defendants who were enjoined, as there is no basis to do so. *See* Mot. 5. Defendants not only misinterpret Rule 65(c), but they ignore critical distinctions in the cases on which they rely. For these reasons, and as further set forth below, the Motion should be denied.

## II.   ARGUMENT

Defendants bring their Motion under Rule 65(c). But it is not a motion under Rule 65. The Motion is one for reconsideration of the Court's determination of the bond that Defendants previously failed to request in their briefing under Rule 65(c). WAVE addressed the appropriateness of the bond in connection with the underlying Motion in its briefing, and Defendants failed to counter WAVE's argument and now seeks to have a second chance to reargue the matter.[1] However, Defendants again fail to establish any basis to amend the bond.

There is no motion for reconsideration under the Federal Rules of Civil Procedure. Generally, a motion filed within ten days of judgment is treated as a motion to alter or amend

---

[1] *See* Order Granting in Part and Denying in Part Plaintiff's Motion for TRO and PI ("Order") (ECF No. 65) at 22; *see also* WAVE's *Ex-Parte* Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 4) at 23; *compare* Defendants' Opposition to WAVE's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 55).

2

under Rule 59(e). *See Gale v. Uintah Cnty.*, No. 2:13-CV-725-RJS-DBP, 2021 WL 4553218, at *3 (D. Utah Oct. 5, 2021); *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993) (citations omitted). A Rule 59(e) motion may be granted only if the moving party demonstrates the following: (1) the judgment was based upon a manifest error of law or fact; (2) there is newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) there is an intervening change in controlling law. *See* 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995).

Not only have Defendants failed to argue or establish any of the aforementioned grounds for their motion to amend the order, but the Motion is wholly without merit even if considered by the Court. Rather than basing the Motion on any of the aforementioned grounds, WiTricity makes its request for a bond of $1,617,779.59 on the ground that it is "the amount that WiTricity will need to replace the enjoined individual Defendants." Mot. 3. Then, in conclusion, WiTricity again requests that a bond issue in this amount because it "is the amount WiTricity will need to replace the enjoined individual Defendants." *Id.* 6. This request must be rejected as a matter of law.

First, WiTricity is not enjoined and, thus, not permitted under Rule 65(c) to obtain the benefit of a bond, which can only be obtained by a party who is found to be wrongfully enjoined. Thus, no basis exists for WiTricity's demand under Rule 65(c) and, certainly, no basis exits to establish relief under Rule 59(e).

Second, aside from the inability to obtain a bond under Rule 65(c), WiTricity also fails to establish that it cannot employ others who are not bound by the noncompete agreements with its primary competitor or why WAVE must pay for those other employee's salaries and benefits. WiTricity makes no argument, as it cannot, as to why it would have to compensate former employees who are restricted by law from being employed by WiTricity.

Moreover, WiTricity has not even attempted, let alone established under Rule 59(e), any basis under the law why WAVE would be liable to pay for WiTricity's payroll to employ persons who are not restricted by contract and law from being employed by WiTricity. Simply put, WiTricity has put forth no facts establishing that these foregone payroll amounts would equate to WiTricity's potential damages in the instance the injunction is found to be improper. The request is nothing more than a ruse that is both prohibited by Rule 65(c) and deficient under Rule 59(e).

Third, as to the defendant employees who were actually enjoined, Defendants in the Motion misstate the holding in *Marcam Corp. v Orchard*, 885 F.Supp. 294 (D. Mass 1995), which is the only substantive case on which Defendants rely.[2] In *Marcam*, the non-compete agreement at issue provided that the defendant employee "would not compete with [Plaintiff (his former employer)] or accept employment with a competitor of [Plaintiff] for one year if, within five days of being notified by [employee] of his intention to resign, [Plaintiff] offered to pay him 110% of the salary offered by the competitor during that restricted year." 885 F. Supp. 294, 296. Thus, the former employee had the right, under his employment contract, to receive from his former employer 110% of a competitor's employment offer in exchange for the non-compete obligation. *Id*. Because the plaintiff asserted that it made such an offer to the former employee and was seeking to pay the same to secure the non-compete obligation, the bond was set at the amount plaintiff was required, and offered, to pay the former employee in order to obtain the non-

---

[2] The other cases cited by Defendants are only in support of the general proposition that a court provide an explanation for its decision. The facts in *Mallet and Co., Inc.* are also inapposite as that case involved the trial court's injunction from competition against the successor employer wherein the defendant competitor received certain business information from two former employees, one of whom was not subject to a noncompete agreement. In that case, the defendant employer enjoined from competition had sought a $21,500,000 bond and opposed the $500,000 bond granted. The case was remanded on substantive issues for further determination, including the bond based on the facts and balancing of interests following the determination on remand.

compete obligation that the court was enforcing in the injunctive action. *Id*. at 299. That is not the case here.

Unlike the facts in *Marcam*, there is no additional payment due to any of the employees, so *Marcam* is unhelpful. Next, none of the defendant employees here have established any inability to find employment or any other basis why their bond amount should be increased. In fact, WAVE still has positions open for all of the employees. A failure to obtain this or other employment would establish a failure to mitigate by the employees and likewise bar them from any claim of damage even if they were wrongfully enjoined from working for WiTricity, which they are not. Neither WiTricity nor any enjoined defendant employee has established any legal basis for amending the Order under Rule 59(e) or on any other grounds.

### III.   CONCLUSION

For the reasons set forth above, the Court should deny Defendants' Motion. The bond should remain, as properly tendered, at $10,000.00.

DATED: September 17, 2024

FOLEY & LARDNER LLP

*/s/ Tyler A. Dever*
Robert T. Stewart
Tyler A. Dever
Adam R. Aquino
Charles D. Morris

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of September 2024, that I caused a true and correct copy of the foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO RECONSIDER BOND AMOUNT, AND MOTION FOR ADEQUATE BOND OF $1,617,779.59** to be filed via the Court's electronic filing system which effectuated service upon counsel of record to all defendants.

                                                    */s/ Stacy Kamaya*