Paul Mersino (Admitted *Pro Hac Vice*)
Daniel G. Vivarelli, Jr (Admitted *Pro Hac Vice*)
Javon R. David (Admitted *Pro Hac Vice*)
Scott J. Fishwick (*Pro Hac Vice*)
Mitchell S. Zajac (*Pro Hac Vice*)
**BUTZEL LONG PC**
150 W Jefferson, Ste. 100
Detroit, MI 48187
Tel: (313) 225-7000
*mersino@butzel.com*
*vivarelli@butzel.com*
*davidj@butzel.com*
*fishwick@butzel.com*

Gregory D. Phillips (4645)
Jared L. Cherry (11534)
**PCFB LLC**
4001 South 700 East, Suite 500
Salt Lake City, Utah 84107
Tel: (801) 935-4932
*gdp@pcfblaw.com*
*jlc@pcfblaw.com*

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| WIRELESS ADVANCED VEHICLE ELECTRIFICATION, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>        v.<br><br>WITRICITY CORPORATION, a Delaware corporation, et al.,<br><br>    Defendants. | **DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO STAY LITIGATION AND COMPEL ARBITRATION**<br><br>Civil No. 2:24-cv-00577-RJS-CMR<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

WAVE does not contest that the arbitration clauses in the Former Employees' employment agreements are valid and enforceable. Nor does WAVE deny that those arbitration clauses contain broad provisions delegating all questions of arbitrability to the arbitrator. The Court can stop reading right here. On that basis alone, the FAA *requires* that the Court (*i*) stay this action; and (*ii*) compel the claims against the Former Employees to arbitration. *Belnap v. Iasis Healthcare*, 844 F.3d 1272, 1279 (10th Cir. 2017). Indeed, it would be reversible error for which the Former Employees would be entitled to an immediate appeal as of right if the Court were to take any other action or entertain any of WAVE's red herrings. *Id.* at 1278, n.3 (citing 9 U.S.C. § 16(a)(1)(C)). Tellingly, WAVE does not even cite *Belnap*, much less attempt to explain why it should not control the outcome of this motion.

Nevertheless, WAVE somehow manages to fill its Opposition with seven pages of dubious arguments, each a diversion. In addition to being irrelevant to the resolution of this motion, WAVE's arguments misrepresent the law and misrepresent WAVE's own allegations.

As to the law, WAVE asks this court to disregard the text of the FAA, clear Supreme Court precedent as construed by the Tenth Circuit in *Belnap*, and the text of the employment agreements themselves to rule in the first instance on the *scope* of the arbitration clauses, *i.e.* on arbitrability. Specifically, WAVE asks this Court to analyze whether, and to what extent, the "carve-outs" concerning "injunctive

relief" permit WAVE to litigate certain aspects of its dispute in this forum. Of course, this is *exactly* the type of arbitrability analysis the employment agreements and *Belnap* prohibit this Court from undertaking. *See* section 15(f) of the employment agreements ("The arbitrator shall have the power to take interim measures, and to rule on such arbitrator's own jurisdiction, including on any objections with respect to the existence, scope or validity of this arbitration clause."); *see also Belnap*, 844 F.3d at 1284 ("[W]e conclude that when the parties clearly and unmistakably agreed to arbitrate arbitrability, all questions of arbitrability— including the question of whether claims fall within the scope of the agreement to arbitrate—had to be resolved by an arbitrator.").

WAVE never explains why the presence of these "carve-outs" requires the Court to disregard controlling caselaw, instead relying on the *ipse dixit* of its counsel and urging the Court to accept counsel's unsupported reasoning over that of the Tenth Circuit. For example, without a single citation to any authority whatsoever, WAVE baldly declares that the "presence [of the carve-outs] in the arbitration provision precludes Defendants' requested relief." Opposition ("Opp.") at p. 3. WAVE's opposition further states: "these [carve-out] provisions clearly establish the parties' right to seek injunctive relief in court . . . separate and distinct from the arbitrable issues designated for the arbitrator." Maybe so, maybe not, but the scope and effect of those clauses is an issue for the arbitrator to decide in the first instance,

not this Court. *See Belnap*, 844 F.3d at 1291-92 (quoting *Oracle Am., Inc. v. Myriad Group A.G.*, 724 F.3d 1069, 1076 (9th Cir. 2013) ("[W]hen a tribunal decides that a claim falls within the scope of a carve-out provision, it necessarily decides arbitrability" and thereby improperly "collapses two separate questions into one.")). Again, WAVE cites no authority at all to support its blunt assertion to the contrary.

Defendants' motion did not "attempt to disregard these carveouts" or to "mask" them (Opp. at p. 3); the motion cites the *full* text of the arbitration provisions. Rather, Defendants' motion properly recognized that the presence of those carve-outs has no bearing at all on the proper disposition of this motion, which is to refer all questions of arbitrability to the arbitrator.

The lone case that WAVE does cite in support of its assertion that the claims against the Former Employees should not be compelled to arbitration—an unpublished, out-of-circuit trial court decision—relies on reasoning that has been expressly rejected by the United States Supreme Court and is therefore not good law, in addition to being non-precedential. *See Mr. Rooter LLC v. Akhoian*, No. W-16-CA-00433-RP (W.D. Tex. Jan. 30, 2017) (Attached as **Exhibit A**). Specifically, in the Fifth Circuit (the Tenth Circuit never adopted this approach[1]), a rogue line of

---

[1] Indeed, the Tenth Circuit expressly rejected it, although WAVE declines to inform the Court of that. *See Belnap*, 844 F.3d at 1284-86 ("Having thoroughly considered its merits, we decline to adopt the 'wholly groundless' approach. Neither the Supreme Court nor our court has spelled out the next steps for a court when it

cases had held that a trial court may analyze issues of arbitrability even where the arbitration agreement delegated arbitrability questions to the arbitrator if the trial court unilaterally determined that a claim of arbitrability was "wholly groundless." *See id.* (citing *Douglas v. Regions Bank*, 757 F.3d 460, 463 (5th Cir. 2014)).[2] In January 2019—more than five years before WAVE filed its opposition—the Supreme Court unanimously overruled this line of cases, holding that "the 'wholly groundless' exception is inconsistent with the text of the [Federal Arbitration] Act and with our precedent" and that "[w]hen the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract. In those circumstances, a court possesses no power to decide the arbitrability issue. That is true even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 68 (2019).

---

finds clear and unmistakable intent to arbitrate arbitrability. However, the message that we glean from the language of the Court's opinions and our own, as well as the holdings of our sister circuits, is that courts in that situation must compel the arbitration of arbitrability issues in all instances in order to effectuate the parties' intent regarding arbitration."). The Supreme Court later proved the Tenth Circuit correct in *Henry Schein*, where it adopted this exact reasoning. *See infra*.

[2] Although irrelevant to the outcome, Defendants' motion here could hardly be considered "wholly groundless" because, among other reasons, WAVE *does* seek damages against the Former Employees, *see infra*, and there are material issues regarding the scope of the carve-outs for injunctive relief that need to be determined by the arbitrator.

To attempt to entice the Court down this forbidden path, WAVE claims—falsely—that it is not seeking money damages against the Former Employees. WAVE's Amended Complaint says otherwise. For example, paragraph 249 of the Amended Complaint states: "As a direct and proximate result of the Utah Non-Compete Employees breaches of their respective employment agreements, WAVE has suffered and will continue to suffer damages in an amount to be proven at trial." In its "Prayer for Relief," the Amended Complaint seeks "judgment against Defendants . . . [f]or general compensatory damages and statutory damages in an amount to be determined at trial." In any event, *Belnap* requires that the matter be submitted to the arbitrator for questions of arbitrability, so it's not clear what WAVE stood to gain by lying about its own Amended Complaint.

Defendants are also perplexed by WAVE's argument that "WiTricity misrepresents (or misinterprets) WAVE's jury demand." Opp. at 6. The extent to which the parties may or may not have waived a right to trial by jury is irrelevant to the disposition of this motion. To the extent that issue implicates arbitrability, it must be analyzed by the arbitrator, not this Court. *See Belnap*. Defendants have no idea what WAVE claims they "misrepresented." Defendants did not premise any arguments in their motion on the jury demand.

Lastly, the claims concerning WiTricity and Benz, though not subject to arbitration agreements, should be stayed to preserve judicial economy pending

-5-

resolution of the arbitrations. Importantly, and contrary to WAVE's opposition, the claims against Scalzi are subject to an arbitration agreement and *must* also be referred to arbitration for the reasons discussed above. *See Belnap*. Only Benz and WiTricity are not subject to arbitration agreements, so WAVE's attempt to lump Scalzi together with them is improper. The claims against Benz and WiTricity involve the same or similar facts as those against the Former Employees, will involve overlapping discovery, and arise out of the same transactions. For example, the claims against Scalzi, which must be arbitrated, are substantively identical to the claims against Benz and WiTricity, so much so that the Amended Complaint defines the three of them together as the "WiTricity Defendants." *See* Amended Complaint, ¶ 4. Litigating those claims in this Court at the same time they are being litigated against the Former Employees in arbitration will waste judicial resources and those of the parties, and risk inconsistent rulings. The Court should exercise its inherent authority to stay the claims against Benz and WiTricity pending the outcome of the arbitrations.

For the reasons above, Defendants respectfully request that their motion be granted.

Dated October 3, 2024

/s/ Paul Mersino
Paul Mersino (Admitted *Pro Hac Vice*)

# CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert T. Stewart
Foley & Lardner LLP
95 S State Street, Ste. 2500
Salt Lake City, Utah 84111

Tyler Anne Dever
Foley & Lardner LLP
95 S State Street, Ste. 2500
Salt Lake City, Utah 84111

Paul Mersino
Scott J. Fishwick
Mitchell Zajac
Butzel Long PC
150 W. Jefferson Ste. 100
Detroit, MI 48187

Daniel G. Vivarelli, Jr.
Butzel Long PC
1909 K ST NW STE 860
Washington DC 20006

Gregory D. Phillips
PCFB LLC
4001 S 700 E STE 500
Salt Lake City, Utah 84107

Javon R. David
Butzel Long
201 W Big Beaver Rd., Ste. 1200
Troy, Michigan 48084

/s/ Jared L. Cherry