UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

FILED
JAN 30 2017
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | | |
|---|---|---|
| MR. ROOTER LLC, | § | |
| Plaintiff, | § § § | |
| v. | § § | Case No. W-16-CA-00433-RP |
| JOHN AKHOIAN, AKHOIAN ENTERPRISES, INC, MRTC, INC, TATS INC., AACA LLC, ROOTER HERO PLUMBING, INC., | § § § § § § | |
| Defendants. | § | |

## ORDER

Plaintiff Mr. Rooter LLC ("Mr. Rooter") brings the instant action seeking injunctive relief against Defendants John Akhoian and his corporations Akhoian Enterprises, Inc., MRTC, Inc., TATS Inc., and AACA LLC. Plaintiff alleges that the defendants have violated trademark and non-competition provisions of their franchise agreements by diverting business to a competitor, Defendant Rooter Hero Plumbing, Inc. The franchise agreements, with the exception of the agreement pertaining to AACA LLC, contain the following arbitration clause:

> In order to resolve Disputes, including any dispute as to whether arbitration is allowed or required, which may arise between them more effectively and thereby further their mutually beneficial business relationship, the parties to this Agreement agree that if they are not able to resolve the Dispute through the mediation process described above, the controversy shall be submitted to binding arbitration . . . . The arbitration shall he conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association, except that the arbitrators shall apply the Federal Rules of Evidence during the conduct of the sessions with respect to the admissibility of evidence. The arbitration shall be

1

> governed by the United States Arbitration Act, 9 U.S.C. § 1-16.

ECF No. 28-1 at 29; 28-2 at 29; 28-3 at 29.

Thus the parties generally agreed to arbitrate all disputes. However, the franchise agreements immediately proceed to the following "Emergency Relief" provision:

> During the course of a Dispute, should a situation arise *relating to the Marks* or relating *to a situation in which Franchisor will suffer irreparable loss or damage* unless Franchisor takes immediate action, including but not limited to threatened or actual conduct in violation of Sections 9 and 12 of this Agreement [dealing with non-competition, franchisor's marks, trademarks, system and trade secrets], Franchisor shall be free to seek declaratory relief; restraining orders, *preliminary injunctive relief* and/or other relief; and such *actions or lawsuits* shall not be considered in violation of the provisions of this Section 13.

*Id.* (emphsis added).

In considering a motion to compel arbitration under the Federal Arbitration Act ("FAA"), courts engage in a two-step analysis. *Sherer v. Green Tree Servicing*, 548 F.3d 379, 381 (5th Cir. 2008). First, the court determines if the parties have agreed to arbitrate the dispute. *Id.* Second, *if* the court finds that the parties have agreed to arbitrate the dispute, the court determines if any federal law or policy renders the claims nonarbitrable. *Id.* In the absence of contrary federal law, the issue is then referred to arbitration under the FAA. 9 U.S.C. § 3.

To determine whether the parties have agreed to arbitrate the dispute, the court considers two factors: 1) is there a valid agreement between the parties to arbitrate, and if so, 2) does the dispute in question fall within the scope of that arbitration agreement?

2

*Sherer v. Green Tree Servicing*, 548 F.3d 379, 381 (5th Cir. 2008). It is uncontested that the franchise agreements reflect that parties generally agreed to arbitration. *Id.* However, the emergency relief section clearly carves out exceptions to this agreement: the franchisor can file an action or lawsuit seeking injunctive relief to protect itself from irreparable harm arising from trademark claims and violations of the non-competition provisions of the franchise agreements. ECF No. 28-1 at 29; 28-2 at 29; 28-3 at 29. These are the core claims of Plaintiff's request for injunctive relief. Therefore, while the parties have a valid franchise agreement, Plaintiff's request for injunctive relief falls outside the scope of the arbitration agreement, and this matter should not be arbitrated. *Sherer*, 548 F.3d at 381.

The Fifth Circuit has upheld contract provisions that provide for injunctive relief, even where the underlying dispute is subject to arbitration. *See RGI v. Tucker*, 858 F.2d 227, 230 (5th Cir. 1988). This is particularly true in cases such as this one, where the parties have contemplated injunctive relief beforehand in a bargained-for contractual provision. *Id.*

Defendants argue that because the parties have delegated disputes about arbitrability to the arbitrator, this case must be sent to arbitration. The Fifth Circuit, however, has held that the mere existence of a delegation provision in a contract does require that all claims be sent to gateway arbitration. *Douglas v. Regions Bank*, 757 F.3d 460, 463 (5th Cir. 2014). The matter of arbitrability should be arbitrated where there are *plausible* arguments both in favor of, and against, the arbitrability of a claim. *Id.* If the argument supporting arbitrability is "wholly groundless", then a motion to compel arbitration should be denied. *Id.*

3

Here, Plaintiffs have laid out a highly plausible basis against arbitrability of the injunctive relief: the contract plainly permits bypassing arbitration for an injunction, and Fifth Circuit precedent supports that conclusion. Defendants argue that the arbitrability of injunctive relief should be arbitrated because of the franchise agreement's general delegation provision. The two-part test requires that even if there is an agreement to arbitrate (step one), the court must ask whether the issue falls within the scope of the arbitration agreement (step two). Attempting to satisfy step two by merely restating that there is a delegation provision brings the analysis back to step one. The Fifth Circuit has addressed this justification for arbitration and rejected it as circular reasoning. *Douglas*, 757 F.3d at 464. Because that argument is wholly groundless, the motion for arbitration must be denied. *Id.*

Defendants argue that *Grasso Enterprises v. CVS Health*, 143 F. Supp. 3d 530 (W.D. Tex. 2015), compels arbitration. In *Grasso*, the parties' agreement required arbitration, but permitted injunctive relief to stop a breach of contract. *Id.* at 544. The plaintiff sought injunctive relief, alleging a violation of a federal statute (ERISA)—not a breach of contract—to support the motion. *Id.* The court held that the carve-out provision did not cover such an allegation, and held that the matter should therefore have been sent to arbitration. *Id. Grasso* is clearly distinguishable from the instant case, where Plaintiff has satisfied the specific requirements of the emergency relief carve-out provision of the franchise agreements.

4

Since the filing of this lawsuit, two of the defendant entities (Akhoian Enterprises Inc. and TATS Inc.) have filed for bankruptcy and the case is stayed as to those entities. This order has no effect on those Defendants.

Defendant AACA LLC does not seek to compel arbitration. ECF No. 28 at n. 4. Because the Court is denying the Motion to Compel, AACA's Motion to Stay is **DENIED AS MOOT**.

Accordingly, it is **ORDERED** that Defendants' Motion to Compel Arbitration and to Stay Litigation is hereby **DENIED.**

**SIGNED** January 19, 2017.

JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE

5