IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WIRELESS ADVANCED VEHICLE ELECTRIFICATION, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>WITRICITY CORPORATION, a Delaware corporation; JOE BENZ, an individual; JUSTIN SCALZI, an individual; STEVEN BALL, an individual; ROBERT EISERT, an individual; PRADEEP GADDAM, an individual; GARRETT HARMSEN, an individual; JORY PEPPELAAR, an individual; WYLEE STAPLES, an individual; GAYLA STEWART, an individual; ADEEL ZAHEER, an individual; RUBEN GOMEZ, an individual; GLEN AGUILAR, an individual; JEFFREY HARDING, an individual; JUSTIN NORDLUND, an individual; and MELANIE ESPINOSA, an individual,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR BOND**<br><br>2:24-cv-00577-RJS-CMR<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

Now before the court are two related motions. The first is Defendants' Expedited Motion to Reconsider Bond Amount, and Motion for Adequate Bond of $1,617,779.59 (Motion for Bond).[1] The second is Plaintiff Wireless Advances Vehicle Electrification, LLC's (WAVE) Motion to Strike Defendants' Reply Re Motion to Reconsider Bond Amount, and Motion for

---

[1] Dkt. 66, *Defendants' Expedited Motion to Reconsider Bond Amount, and Motion for Adequate Bond of $1,617,779.59 (Motion for Bond)*.

Adequate Bond of $1,617,779.59 (Motion to Strike).[2]  The court DENIES both Motions for the reasons explained below.

## BACKGROUND

On August 15, 2024, WAVE filed its Amended Complaint against WiTricity Corp, two WiTricity officials, and 13 ex-WAVE employees.[3]  WiTricity is WAVE's competitor in the heavy-duty electric vehicle inductive charging industry.[4]

WAVE alleged WiTricity, two of its officers, and six ex-WAVE employees violated federal and Utah trade secret law.[5]  Among several other grievances, WAVE also alleged five additional ex-WAVE employees conspired to violate the same.[6]  Relevant to WiTricity's Motion, WAVE alleged 10 ex-WAVE employees breached one-year non-competition agreements by accepting employment at WiTricity.[7]  On August 26, 2024, the court heard argument on WAVE's Motion for a Temporary Restraining Order.  At the TRO Hearing, the court granted in part WAVE's TRO and enjoined 10 ex-WAVE employees from working for WiTricity for one year pending the outcome of this case.[8]  The court required WAVE to post $10,000 as security under Federal Rule of Civil Procedure 65(c) but invited Defendants to submit additional evidence regarding potential damages stemming from the TRO if Defendants

---

[2] Dkt. 80, *Plaintiff's Motion to Strike Defendants' Reply Re Motion to Reconsider Bond Amount, and Motion for Adequate Bond of $1,617,779.59 (Motion to Strike)*.

[3] Dkt. 3, *Amended Complaint*.

[4] *Id.* ¶ 50.

[5] *Id.* ¶¶ 197–217.

[6] *Id.* ¶¶ 197–217.

[7] *Id.* ¶¶ 244–250.

[8] Dkt. 64, *Minute Entry*.

chose to pursue a higher bond.[9]  The court renewed the TRO most recently on October 3, 2024, and the order is set to renew every subsequent 14 days absent objection or until a preliminary injunction hearing.[10]

Defendants now move to increase the bond to $1,617,779.[11]  WAVE moved to strike Defendants' Reply in Support of its Motion for Bond, alleging Defendants raised new arguments in their Reply.[12]

## LEGAL STANDARD

Federal Rule of Civil Procedure 65(c) allows courts to "issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Generally, this bond "limits the liability of the applicant and informs the applicant of the price it can expect to pay if the injunction was wrongfully issued."[13]

However, "the trial judge has wide discretion in the matter of requiring security" because Rule 65(c) requires a bond only in an amount 'the court considers proper. . . .'[14]  Even where a court determines a defendant was wrongfully enjoined, courts are "not bound to award damages on the bond without considering the equities of the case" because Rule 65(c) "was not intended to negate the court's [equitable] duty."[15]

---

[9] *Id.*

[10] Dkt. 88, *Temporary Restraining Order (TRO)*.

[11] *Motion for Bond*.

[12] *Motion to Strike*.

[13] *Sprint Commc'ns Co. L.P. v. CAT Commc'ns Int'l, Inc.*, 335 F.3d 235, 240 (3d Cir. 2003) (citations omitted).

[14] *Cont'l Oil Co. v. Frontier Ref. Co.*, 338 F.2d 780 (10th Cir. 1964).

[15] *State of Kan. ex rel. Stephan v. Adams*, 705 F.2d 1267, 1269–70.

## ANALYSIS

Defendants move to require WAVE to post $1,617,779.59 as security for the TRO enjoining 10 ex-WAVE employees (Enjoined Employees) from accepting employment at WiTricity for one year.[16] Because the court invited briefing on potential harm to the Enjoined Employees,[17] the court construes this motion under Rule 65(c)'s framework as opposed to a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59. Furthermore, although Defendants switched their primary legal basis underlying their Motion for Bond in their Reply, the court denies WAVE's Motion to Strike because WAVE was sufficiently on notice of Defendants' alternate theory. Nevertheless, the court finds WAVE's $10,000 bond initially set at the TRO Hearing is appropriate under the circumstances. Defendants fail to proffer sufficient evidence showing $1,617,779.59 is the damage Enjoined Employees will sustain if they are wrongfully enjoined. Moreover, other equitable considerations weigh in favor of keeping the bond set at $10,000. Accordingly, the court denies Defendants' Motion for Bond.

### I.     Rule 59 Is an Inapposite Basis to Decide Defendants' Motion.

WAVE argues Defendants' motion seeks to alter or amend this court's judgment at the TRO Hearing wherein WAVE was required to post bond in the amount of $10,000 as security for this court granting its TRO against the Enjoined Employees. Accordingly, WAVE contends the extraordinary standards set forth in Rule 59(e) govern Defendants' motion.[18]

---

[16] Dkt. 66, *Motion for Bond*.

[17] Dkt. 64, *Minute Entry*.

[18] Dkt. 80, *Plaintiff's Opposition to Defendants' Motion to Reconsider Bond Amount and Motion for Adequate Bond of $1,617,779.59 (Opposition to Bond)* at 2–3; *see Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000) ("Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.")).

The court disagrees.  At the TRO Hearing, the court invited further briefing on the bond issue because it was absent from Defendants' TRO briefing.[19]  Requiring WAVE to post bond in the amount of $10,000 was subject to change if Defendants adequately showed the Enjoined Employees would suffer additional injury if the TRO was wrongfully issued consistent with Rule 65(c).[20]

## II. Defendants' Motion for Bond Adequately Put WAVE on Notice About Defendants' Theory of the Case.

In their Motion for Bond, Defendants request bond in the amount of $1,617,779.59 because it represents the amount WiTricity would need to replace the Enjoined Employees,[21] an argument they entirely abandon in subsequent briefing.  Instead, Defendants argue $1,617,779.59 represents the Enjoined Employees' income but for the TRO.[22]  Indeed, WiTricity is not subject to the TRO, and so any payroll costs WiTricity incurs because of the TRO is irrelevant to setting bond.  Defendants' assertion in their Reply that they never argued for a higher bond amount based on an employee-replacement theory is unpersuasive;[23] the only natural reading of "this is

---

[19] Dkt. 64, *Minute Entry*; Dkt. 83, *Official Transcript of Motion for Temporary Restraining Order and Motion for Preliminary Injunction held on August 26, 2024 (TRO Transcript)* at 29 ("[T]here is not an evidentiary basis before me to evaluate [the bond issue] . . .").

[20] *TRO Transcript* at 99 ("I'm going to impose a $10,000 bond payable to the Clerk of Court initially.  That will be subject to modification.  I'll consider arguments if the defendants wish to persist on a modification of the bond amount in a motion that the plaintiffs then have an opportunity to respond to."); Fed. R. Civ. P. 65(c) (the movant must post "security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.").

[21] *Motion for Bond* at 1–2, 5.

[22] Dkt. 79, *Defendants' Reply Re Motion to Reconsider Bond Amount, and Motion for Adequate Bond of $1,617,779.95 (Reply to Motion for Bond)* at 3 ("[T]he now enjoined individuals will be suffering damages in the amount of their lost salaries and benefits at WiTricity that they would be enjoying but for the TRO."); Dkt. 82, *Defendants' Opposition to Motion to Strike Reply Re Motion to Reconsider Bond Amount (Opposition to Motion to Strike)* at 2–3 ("Defendants' original Motion and leading case *Marcam* (sic) was principally focused on protecting the individual employee Defendants.  WAVE certainly understood that argument (the bond protects the enjoined employee subject to a non-compete).").

[23] Dkt. 79, *Defendants' Reply Re Motion to Reconsider Bond Amount, and Motion for Adequate Bond of $1,617,779.95 (Reply to Motion for Bond)* at 4 ("WiTricity has never argued that the Court bond for its payroll.").

5

the amount that WiTricity will need to replace the enjoined individual employees" is that Defendants sought bond in an amount to fund its payroll.[24]

Still, Defendants did note in their original motion $1,617,779.59 was "the potential lost yearly salaries and benefits for which Plaintiff should be required to bond." Additionally, Defendants cite one case in which a party subject to a non-compete agreement was enjoined from accepting employment from a competitor, and the party's salary became the basis for setting bond.[25] Accordingly, the court finds WiTricity's motion effectively put WAVE on notice regarding its alternate theory underlying its Motion for Bond: that the Enjoined Employees will suffer damages from being out of work for one year, and the bond should reflect those damages. Indeed, WAVE responded to this theory in their Response.[26] Thus, Defendants argument was not "raised for the first time" in their Reply and need not be waived or stricken.[27]

### III. Defendants Fail to Show Enjoined Employees Will Suffer $1,617,779.59 in Damages.

Defendants contend the forgone salary the Enjoined Employees would have received at WiTricity but for the TRO represents adequate bond under Rule 65(c).[28] However, Defendants do not provide any evidence regarding available mitigation opportunities or market data to elucidate Enjoined Employees' potential losses. Defendants do not attempt to show why the Enjoined Employees would not be able to fully mitigate any losses stemming from being

---

[24] *Motion for Bond* at 5; *see also id.* at 2 ("$1,617,779.59 is the amount that defendant WiTricity will need to replace the enjoined individual Defendants.").

[25] *Id.* at 4 (citing *Marcam Corp. v. Orchard*, 885 F.Supp. 294 (D.Mass. 1995)).

[26] *Opposition to Bond* at 4–5.

[27] *In re: Motor Fuel Temperature Sales Pracs. Litig.*, 872 F.3d 1094, 1112 n.15 (10th Cir. 2017); *Fed. Deposit Ins. Corp. v. Isham*, 782 F. Supp. 524 (D. Colo. 1992) ("Motions to strike are generally disfavored, but are within the discretion of the district court.").

[28] *Reply to Motion for Bond* at 3.

enjoined from working at WiTricity. It is implausible the Enjoined Employees will not obtain any income from alternate employment during the pendency of this case, should it remain ongoing during the one-year term contemplated in the non-competition agreement. At the TRO Hearing, the court specifically mentioned evidence regarding mitigation or market data would be helpful in setting bond,[29] and WAVE appropriately emphasized the dearth of such evidence in its Opposition.[30] The only party to present evidence about mitigation is WAVE, who noted it has positions open for all of the Enjoined Employees through which they could mitigate any income losses due to the TRO.[31] Whether by working at WAVE or elsewhere, the Enjoined Employees will be able to mitigate their losses such that $1,617,779.59 does not accurately reflect the damage they will incur if they are wrongfully enjoined.

    Defendants cite two District of Massachusetts cases (only one of which Defendants relied upon in their initial Motion) wherein the enjoined employees' salaries were the bases for setting bond.[32] Regardless of what persuasive value they hold or factual similarities they have to this case—both of which are minimal—[33] it does not change Defendants' failure to argue or provide evidence on mitigation. This failure is unaffected by the general principle Defendants rely on

---

[29] *TRO Transcript* at 29 ("[T]here is no evidence before me about the market and how likely they are to be re-employed and how quickly and in what capacities.").

[30] *Opposition to Bond* at 5 ("[N]one of the defendant employees here have established any inability to find employment or any other basis why their bond amount should be increased.").

[31] *Id.* at 5.

[32] *Motion for Bond* at 4 (citing *Marcam Corp.*, 885 F.Supp at 298); *Reply to Motion for Bond* at 5 (citing *Aspect Software, Inc. v. Barnett*, 787 F. Supp. 2d 118 (D.Mass. 2011)).

[33] In *Marcam*, the lone relevant case Defendants relied upon in their original motion, the court looked to the salary owed to the enjoined employee by the original employer seeking to enforce the non-compete, not the salary allegedly owed to the defendant by the competitor-employer. *Marcam Corp.*, 885 F.Supp at 298–299. What's more, the original employer in *Marcam* negotiated a specific bump in salary it would be required to pay the employee if the non-compete was triggered and the employer chose to enforce it. *Id.* at 296. Here, WAVE made no promises to the Enjoined Employees that it would pay them a specified sum to secure the non-compete obligation. Rather, the Enjoined Employees were at-will employees who agreed to be subject to non-competes without any triggering conditions.

that courts should "err on the high side" when setting bond.[34]  In this case, Defendants fail to provide the court with the requisite evidentiary basis for the court to evaluate the range of possible impacts on the Enjoined Employees.  The Tenth Circuit has declined to find a bond in the amount of $10,000 insufficient when the enjoined party fails to proffer sufficient evidence regarding the expected damages from the injunction.[35]  A $10,000 bond is not insufficient here for the same reason.

### IV.     A $1,617,779.59 Bond Would Be Inequitable.

District courts have wide discretion in setting bond because Rule 65(c) "was not intended to negate the court's [equitable] duty."[36]  Here, requiring WAVE to post a $1,617,779.59 bond would potentially imperil WAVE's working capital at a time when more than half of its workforce suddenly resigned—allegedly in a conspiracy to steal valuable trade secrets.  Defendants have documented WAVE's recent financial straits in detail,[37] and the court finds setting a high bond would be unjust in this case even if Defendants had provided more robust evidence on damages.[38]

---

[34] *Motion for Bond* at 2 (citing Vol. 13 Moore's Federal Practice § 65.50[1] (Mathew Bender 3d. Ed.)).

[35] *Equifax Servs., Inc. v. Hitz*, 905 F.2d 1355 (10th Cir. 1990).

[36] *State of Kan. ex rel. Stephan*, 705 F.2d at 1270.

[37] Dkt. 55, *Defendants' Brief in Opposition to Plaintiff's Request for Temporary Restraining Order* at 6–8.

[38] *See, e.g.*, *Fort Defiance Indian Hosp. Bd., Inc. v. Becerra*, 604 F. Supp. 3d 1187, 1263 (D.N.M. 2022) (declining to impose a bond where it would "exacerbate . . .financial troubles"); *Temple University v. White,* 941 F.2d 201, 219–20 (3d Cir.1991) (upholding decision to waive bond where moving party was on the brink of "financial collapse").

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Bond is DENIED[39] and WAVE's Motion to Strike is DENIED.[40]

SO ORDERED this 7th day of October 2024.

BY THE COURT:

_____
ROBERT J. SHELBY
Chief United States District

---

[39] Dkt. 66.

[40] Dkt. 80.