IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WIRELESS ADVANCE VEHICLE ELECTRIFICATION, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>WITRICITY CORPORATION, a Delaware corporation, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO STAY<br><br>2:24-cv-00577-RJS-CMR<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

Now before the court is Defendants' Motion to Stay and Compel Arbitration.[1] For the following reasons, the court DENIES Defendants' Motion.

## BACKGROUND

On August 15, 2024, Plaintiff Wireless Advance Vehicle Electrification (WAVE) initiated suit against 13 ex-employees, WiTricity Corporation (a business competitor that hired many of these former employees), Joe Benz (WiTricity's chief executive officer), and Justin Scalzi (WiTricity's vice president who himself was formerly employed by WAVE).[2] WAVE alleged various Defendants violated employment agreements and stole or conspired to steal trade secrets, among other grievances.[3] WAVE moved for a Temporary Restraining Order (TRO) enjoining Defendants from engaging in related conduct.[4] The court issued a corresponding TRO on August 29, 2024, enjoining 10 of WAVE's ex-employees from working for WiTricity for one

---

[1] Dkt. 75, *Defendants' Motion to Stay Litigation and Compel Arbitration* (*Motion to Stay*).

[2] Dkt. 3, *Verified First Amended Complaint* (*Complaint*).

[3] *Id.* ¶¶ 197–287.

[4] Dkt. 4, *Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction*.

1

year following their last day of employment at WAVE consistent with the non-compete provisions of their WAVE employment contracts.[5] The court also enjoined 12 of WAVE's ex-employees from using or disclosing WAVE's confidential information.[6] The TRO remains in effect through at least December 25, 2024 but is set to renew every 14 days absent objection from the parties.[7]

On September 11, 2024, Defendants filed the present Motion to Stay and Compel Arbitration. Defendants argue WAVE's ex-employees (the Former Employees) entered into employment agreements with WAVE requiring WAVE to arbitrate its claims against them and requiring the court to stay this case while WAVE does so.[8] WAVE counters that the agreements specifically allow them to seek injunctive relief in court.[9] Relevant portions of the agreements,

---

[5] Dkt. 65, *Order Granting in Part and Denying in Part Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction*.

[6] *Id*.

[7] Dkt. 100, *Temporary Restraining Order*. The parties stipulated to dismiss Defendant Gomez from the case on 11/27/2024. See Dkt. 101, Stipulation of Dismissal with Prejudice of Defendant Ruben Gomez. Accordingly, Gomez is no longer subject to the TRO.

[8] *Motion to Stay*. For purposes of this Order, Former Employees include Steven Ball, Robert Eisert, Pradeep Gaddam, Garrett Harmsen, Jory Peppelaar, Wylee Staples, Gayla Stewart, Adeel Zaheer, Justin Nordlund, Glen Aguilar, Melanie Espinosa, and Justin Scalzi.

Of note, this list excludes Defendant Jeffery Harding and Ruben Gomez. Although Defendants' Motion names Harding as a "Former Employee," *see Motion to Stay* at 1 n.1, WAVE correctly notes that the contract that forms the basis of its claims against Harding—a Confidentiality and Invention Assignment Agreement—does not contain an arbitration provision. *See* Dkt. 86, *Plaintiff's Response in Opposition to Defendants' Motion to Stay Litigation and Compel Arbitration* (*Opposition*) at 3 n.3; *Complaint* ¶ 252; Dkt. 6-3, *Declaration of Tammy Myers, Ex. BB, Harding Confidentiality Contract* at 232–33. Harding's employment agreement does contain an arbitration provision, but it is dissimilar from the provisions governing the Former Employee's employment agreements. Dkt. 6-3, *Declaration of Tammy Myers, Ex. BB, Harding Employment Contract* at 223–29. Because Defendants did not address this issue anywhere in their briefing, the court excludes Harding from its analysis in this Order. As to the exclusion of Ruben Gomez, he was dismissed from this case on November 27, 2024. *See* Dkt. 101, *Stipulation of Dismissal with Prejudice of Defendant Ruben Gomez*.

[9] *See generally*, *Opposition*.

2

which are the same or substantially similar for each of the Former Employees,[10] are excerpted below:

> [A]ny dispute or controversy arising out of or relating to this Agreement or Employee's employment, other than injunctive relief, will be settled exclusively by arbitration. . . .[11]
>
> The arbitrator shall have the power to take interim measures, and to rule on such arbitrator's own jurisdiction, including on any objections with respect to the existence, scope or validity of this arbitration clause.[12]
>
> Either party may commence litigation in court to obtain injunctive relief in aid of arbitration, to compel arbitration, or to confirm or vacate an award, to the extent authorized by the Federal Arbitration Act or applicable state law.[13]
>
> The Parties agree that [WAVE] may be damaged irreparably in the event that any provision of [Confidentiality, Restrictive Covenants, and Inventions] of this Agreement were not performed in accordance with its terms or were otherwise breached and that money damages would be an inadequate remedy for any such nonperformance or breach. Accordingly, the Company and its successors and permitted assigns shall be entitled, in addition to other rights and remedies existing in their favor, to an injunction or injunctions or other equitable relief to prevent any breach or threatened breach of any such provision and to enforce such provision specifically (without posting a bond or other security).[14]

The Motion is fully briefed and ripe for review.[15]

## LEGAL STANDARD

---

[10] The parties appear to agree that all arbitration agreements covering the Former Employees can be treated the same. Accordingly, the court will consider them together.

[11] *See, e.g.*, Dkt. 6-3, *Declaration of Tammy Myers, Exhibit B, Harmsen Employment Contract* at 8.

[12] *Id.*

[13] *Id.* at 9.

[14] *Id.* at 7.

[15] *See Motion to Stay*; *Opposition*; Dkt. 85, *Defendants' Reply Brief in Support of Motion to Stay Litigation and Compel Arbitration* (*Reply*).

It is well established that "arbitration is a matter of contract,"[16] and courts must "rigorously enforce" arbitration agreements according to their terms.[17] Additionally, the Federal Arbitration Act (FAA) reflects a "liberal federal policy favoring arbitration . . . ."[18] The FAA requires courts to stay judicial proceedings pending arbitration "on issues as to which an arbitration agreement has been signed."[19]

"When a dispute arises, the parties sometimes may disagree not only about the merits of the dispute but also about the threshold arbitrability question—that is, whether their arbitration agreement applies to [a] particular dispute."[20] The Tenth Circuit has identified two types of "arbitrability" questions: "(1) disputes about whether a particular merits-related dispute is arbitrable because it is within the scope of a valid arbitration agreement . . . and (2) threshold disputes about who should have the primary power to decide whether a dispute is arbitrable.[21]

As to the second question, courts will only delegate questions of arbitrability to an arbitrator if the parties evince a "clear and unmistakable" intent to do so.[22] The Tenth Circuit has held that incorporation of the JAMS Rules into an arbitration agreement satisfies this requirement.[23] And the Supreme Court in *Henry Schein, Inc. v. Archer & White Sales, Inc.*

---

[16] *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013).

[17] *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985).

[18] *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 333 (2011) (citations omitted).

[19] *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218–21 (1985); *Hill v. Ricoh Americas Corp.*, 603 F.3d 766, 771 (10th Cir. 2010) ("Section 3 of the [FAA] obliges courts to stay litigation on matters that the parties have agreed to arbitrate; and Section 4 [of the FAA] authorizes a federal district court to compel arbitration when it would have jurisdiction over a suit on the underlying dispute.").

[20] *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 65 (2019).

[21] *Belnap v. Iasis Healthcare*, 844 F.3d 1272, 1280 (10th Cir. 2017) (citing *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 942–45 (1995) (quotation marks and citations omitted).

[22] *First Options*, 514 U.S. at 944.

[23] *Belnap*, 844 F.3d at 1279.

recently clarified that, when such an intent is evident, courts lack the power to decide even "wholly groundless" arbitrability disputes.[24]

## ANALYSIS

The court finds (I) there is no arbitrability dispute requiring this court to stay the case and compel arbitration because the parties appear to agree the court has authority to award injunctive relief on WAVE's claims against the Former Employees and (II) public policy supports denying Defendants' Motion to Stay.

### I. Defendants Fail to Raise an Arbitrability Dispute.

Under *Henry Schein*, the court must submit even "wholly groundless" disputes about the scope of an arbitration agreement to an arbitrator when, as here, the parties unmistakably delegate such disputes to an arbitrator.[25] However, this case raises *no dispute* about the scope of an arbitration agreement. WAVE's only claims for relief against the Former Employees are for injunctive relief. WAVE expressly concedes that it cannot—and will not—seek money damages on its claims against the Former Employees.[26] And the parties appear to agree that the

---

[24] *Henry Schein*, 586 U.S. at 68.

[25] Defendants demonstrate, and WAVE does not contest, that the parties clearly and unmistakenly intended to submit arbitrability questions to arbitration by incorporating JAMS arbitration rules into the relevant agreements and including the following language in the agreements: "[t]he arbitrator shall have the power to take interim measures, and to rule on such arbitrator's own jurisdiction, including on any objections with respect to the existence, scope or validity of this arbitration clause." WAVE did incorrectly argue that the "wholly groundless" exception should apply to Defendants' Motion to Stay, despite Supreme Court precedent ruling that no such exception exists. *See* Opposition at 4–5. However, nowhere does WAVE contest that it unmistakably delegated questions of arbitrability to an arbitrator.

[26] Opposition at 2 n.1 ("WAVE acknowledges that the employment agreements (to the extent Defendants agree they are valid and enforceable) preclude [sic] it from seeking money damages against the Former Employees in this court and it is not seeking money damages against its Former Employees in this court."). Although WAVE specifically agreed to abandon counts one (Violation of Defend Trade Secrets Act) and five (civil conspiracy to violate the Defend Trade Secrets Act) against Scalzi, *see* Opposition at 5 n.5, it also asserted that it wished to maintain count eight (unfair competition) against him because it "does not arise or relate to Scalzi's employment agreement." For the avoidance of doubt, the court makes clear that WAVE may pursue count eight against Scalzi because it has conceded that it will not seek money damages against him—not because of any factual relationship (or lack thereof) between count eight and Scalzi's employment at WAVE.

5

arbitration provisions contained in the Former Employees' employment agreements allow WAVE to seek injunctive relief against the Former Employees in this court.[27] At bottom, Defendants do not lodge a single contrary argument.[28]

Defendants do challenge the veracity of WAVE's concession that it will not seek money damages against the Former Employees by characterizing the concession as "false[]" and an effort to "entice the court down [a] forbidden path."[29] But the court has no reason to believe WAVE's concession is illusory. And Defendants' suggestion that they are specifically concerned with WAVE seeking money damages against the Former Employees impliedly demonstrates their acknowledgement that the employment agreements do not forbid this court from issuing injunctive relief against the Former Employees. After all, Defendants' argument that WAVE's concession is "false[]" suggests that their Motion hinges on the type of relief WAVE seeks. This implication, of course, is supported by the fact that Defendants never argue in the first place that the arbitration agreements prohibit WAVE from seeking injunctive relief against the Former Employees in this court. To the extent Defendants are weary of WAVE's representation, the court reassures them that it will not allow WAVE to seek money damages against any of the

---

[27] *Reply* at 5.

[28] By contrast, the district court case leading to the Supreme Court's decision in *Henry Schein* presented a situation in which a plaintiff brought claims for injunctive relief and money damages, and the parties clearly disputed the meaning of a particular provision within an applicable arbitration agreement. *Archer & White Sales, Inc. v. Henry Schein, Inc.*, No. 2:12-CV-572-JRG, 2016 WL 7157421 at *4–6 (E.D. Tex. Dec. 7, 2016), *aff'd*, 878 F.3d 488 (5th Cir. 2017), *vacated and remanded*, 586 U.S. 63 (2019). Specifically, the parties disagreed whether the disputed provision allowed injunctive relief of the kind Plaintiff sought (i.e., claims that simultaneously sought injunctive relief and money damages). *Id*. at *4–6. Here, WAVE abandoned any claim for money damages against the Former Employees and the parties do not posit different interpretations of any provision within the employment agreements.

[29] *Reply* at 5. Defendants correctly argue that Paragraph 249 of WAVE's Complaint includes a request for damages in its claim for breach of contract against the Former Employees. *Id*. However, WAVE has abandoned this request.

Former Employees in this court, consistent with WAVE's concession and the court's reliance on it in denying Defendants' Motion.[30]

Defendants also argue that if this court were to assess whether WAVE must submit its claims against the Former Employees to arbitration, it would find that WAVE's claims against the Former Employees arise out of and relate to their employment at WAVE.[31] But this argument is immaterial and does not create an arbitrability dispute. As Defendants appear to acknowledge, or at the very least do not contest, WAVE's right to seek injunctive relief against the Former Employees does not turn on whether the underlying claim relates to or arises from their WAVE employment.

## II. Defendants' Motion to Stay Raises Serious Public Policy Concerns.

Critically, the court also finds that public policy considerations militate toward denying Defendants' Motion to Stay. Beyond allowing Defendants to delay litigation,[32] a ruling in Defendants' favor would allow them two bites at the apple. Throughout the TRO proceedings that preceded this Motion, Defendants never argued the employment agreements at issue deprived this court of the power to issue injunctive relief against the Former Employees until an arbitrator decided whether the court had such power.[33] Yet after this court issued temporary injunctive relief unfavorable to their position, Defendants functionally sought to terminate the

---

[30] Missing from Defendants' briefing is whether a dispute about the validity of a legal concession would constitute a dispute about arbitrability. Because the parties do not squarely present this issue, the court will not address it in detail.

[31] *Motion to Dismiss* at 2.

[32] In *Henry Schein*, the Supreme Court contemplated the fact that eliminating the "wholly groundless" exception might encourage parties to an arbitration agreement to make frivolous arguments to delay litigation and avoid having courts rule on straightforward legal issues. *Henry Schein*, 586 U.S. at 71. But the Court determined that this policy concern could not override the plain text of the FAA, which allows parties to delegate all disputes of arbitrability to an arbitrator. *Id.*

[33] *See generally* Dkt. 48, *Defendants' Brief in Opposition to Plaintiff's Request for Temporary Restraining Order*; Dkt. 83, *TRO Hearing Transcript*.

relief on adjacent grounds.[34]  Because WAVE did not argue that Defendants waived their right to compel arbitration by failing to raise it in their TRO briefing, the court declines to do so on their behalf.  However, affirming Defendants' approach would encourage litigants to delay challenges to a court's equitable power until they learn whether the court's exercise of such power will be favorable to them.  It would also force WAVE to re-litigate the issue and unfairly afford Defendants an opportunity to reexamine their strategic position.  The court considers this policy concern relevant only insofar as it underscores that this case is dissimilar to *Henry Schein*, which contemplated, and ultimately disregarded, distinct public policy concerns.  But because Defendants did not raise an arbitrability a dispute, this court declines to stay the case.

## CONCLUSION

For the foregoing reasons, the court finds Defendants have not identified an arbitrability question and DENIES Defendants' Motion to Stay.[35]

SO ORDERED this 18th day of December 2024.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[34] Again, Defendants do not appear to contest that WAVE may seek injunctive relief against the Former Employees in this court.

[35] Dkt. 75.